IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

MEGHAN HARRIS, *as Administrator*  *
*of the Estate of Joshua Harris,*
*deceased*,  *

    Plaintiff,  *
                    CASE NO. 4:25-cv-267 (CDL)

vs.  *

AMERICAN HONDA MOTOR CO. INC.,  *
*et al.*,
 *
    Defendants.

O R D E R

On August 25, 2025, this wrongful death action was removed to this Court from the Superior Court of Talbot County, Georgia. Plaintiff, who is a citizen of Alabama, alleges in her complaint that the corporate Defendants are citizens of states other than Alabama and Georgia, and that Defendant Jerquavion Mahone is a Georgia citizen. Thus complete diversity of citizenship exists among the parties for purposes of subject matter jurisdiction. One Defendant removed the case to this Court on that basis. Upon its initial review of the case, the Court observed that because Defendant Mahone was a citizen of Georgia, the forum state for this action, removal may not be permitted under the so-called "forum-defendant rule." *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest

properly joined and served as defendants is a citizen of the State in which such action is brought.").

Rather than remand the action *sua sponte*, the Court ordered the parties to show cause as to why the action should not be remanded to state court. Text Order (Aug. 26, 2025), ECF No. 3. After considering the parties' arguments, the Court finds it is clear that this action could have been remanded to state court if Plaintiff had filed a motion to remand based upon the "forum-defendant rule" within 30 days after the filing of the notice of removal. However, because the removal of an action with a claim against a forum defendant is a procedural defect and not a jurisdictional one, and because Plaintiff has not filed a timely motion to remand, this court has subject matter jurisdiction over this action and it shall not be remanded.[1]

Interestingly, none of the parties addressed in their show cause response briefs whether the "forum-defendant rule" implicated subject matter jurisdiction or whether noncompliance with the rule is simply a procedural removal defect. This distinction is important and dispositive of the issue on which the Court sought guidance. If it is procedural, Plaintiff was required to file a motion for remand within 30 days of the notice of removal, which was not done. If it is jurisdictional, the Court is obliged

---

[1] Plaintiff has still not filed a motion to remand even as of today.

to raise the issue at any stage in the proceedings. As made clear by the Eleventh Circuit, removal in violation of the forum-defendant rule is "a waivable defect" and as such does not implicate subject matter jurisdiction. *Wilson v. Hearos, LLC*, 128 F.4th 1254, 1261 (11th Cir. 2025) (citing *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1372 n.4 (11th Cir. 1998)). And the defect is waived if it is not raised by a motion to remand filed within 30 days of the notice of removal. *See Whitfield v. Miami-Dade Cnty. Police Dep't*, 535 F. App'x 772, 774 (11th Cir. 2013) (per curiam) ("Based on the plain language of 28 U.S.C. § 1447(c), [Plaintiff] was required to file a motion for remand . . . within 30 days of [Defendant] filing its notice of removal.").

To summarize, Defendant's removal was contrary to the forum-defendant rule, which was a procedural defect that had to be raised by a timely motion to remand. No such motion was ever filed. Any tardy motion to remand at this late date would be futile. *See Shipley v. Helping Hands Therapy*, 996 F.3d 1157, 1160-61 (11th Cir. 2021) (finding Plaintiff forfeited any procedural objection to removal where she did not file a motion to remand based on a procedural defect in removal within 30 days of the notice of removal and instead raised procedural defect for the first time in a reply brief filed 54 days after the notice of removal). Accordingly, the Court has subject matter jurisdiction of this action, and it shall not be remanded.

Now that the Court is satisfied that it has subject matter jurisdiction over this action, a Rules 16/26 Order shall be issued requiring the parties to submit a jointly proposed scheduling order for these proceedings.

IT IS SO ORDERED, this 9th day of October, 2025.

S/Clay D. Land
_____
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA